UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA TUSHNET<br>600 New Jersey Avenue NW<br>Washington, DC 20001<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES IMMIGRATION<br>AND CUSTOMS ENFORCEMENT<br>500 12th Street NW<br>Washington, DC 20536<br><br>    Defendant. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff Rebecca Tushnet brings this action to compel Defendant United States Immigration and Customs Enforcement to produce records under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, et seq.

### JURISDICTION

2. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B).

### PARTIES

3. Plaintiff Rebecca Tushnet is a professor and intellectual property scholar at Georgetown University Law Center. Professor Tushnet, through counsel, made the FOIA request at issue in this action.

4. Defendant United States Immigration and Customs Enforcement (ICE) is a component of the U.S. Department of Homeland Security. ICE is an agency of the United

States government and has possession of records responsive to Professor Tushnet's FOIA request.

## FACTS

5. On March 6, 2015, Professor Tushnet, through counsel, submitted a FOIA request to ICE's Freedom of Information Act Office by first-class mail and email.

6. In her FOIA request, Professor Tushnet sought:

   1) All images and descriptions of clothing seized or impounded by ICE as counterfeit from 2012 to the date of the request.

   2) All records, guidelines, policies, procedures, or training documents that describe how ICE:

       a. determines how similar one mark must be to another to deem an item bearing a mark counterfeit;

       b. distinguishes between items that are merely infringing items and items that are counterfeit;

       c. uses or considers circuit-specific case law in determining whether an item is counterfeit or infringing;

       d. considers the legal doctrine of fair use in determining whether an item is counterfeit or infringing;

       e. considers trademark-infringement defenses other than fair use in determining whether an item is counterfeit or infringing.

   3) All records that use the words "disparagement," "parody," "distortion," or "tarnishment," or grammatical variants thereof, in connection with trademark rights holders' requests or consultations with trademark rights holders.

4) All records indicating that an item was seized by ICE, in whole or in part, because the item disparaged, parodied, distorted, or tarnished a trademark.

5) All documents, presentations, handouts, and photographs used by ICE in connection with the ICE news conference on counterfeit clothing held the week of January 25, 2015-January 31, 2015, which is described in the article "US agents tackle fake Super Bowl items," written by Nestor Ramos and published in the Boston Globe on January 31, 2015. *See* http://www.bostonglobe.com/metro/2015/01/31/searching-for-tom-bardy-feds-hunt-counterfeiters-before-big-game/SusU4CTQW5nfEC0wvLvkIM/story.html.

6) All records referencing Daniel Modricker's paraphrased statement at the news conference described in request number 5 that "[t]he profane debasing of a mascot—and really anything that denigrates a team—is guaranteed to be contraband," including any records reflecting his exact words.

7. Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k), Professor Tushnet sought a waiver of all fees associated with her request because disclosure of the requested records is in the public interest and not in Professor Tushnet's commercial interest.

8. On March 6, 2015, the ICE FOIA office sent an automatically-generated email reply indicating that it had received Professor Tushnet's emailed FOIA request.

9. On March 18, 2015, the ICE FOIA office sent a letter by email to Professor Tushnet's counsel acknowledging receipt of Professor Tushnet's FOIA request and assigning it reference number 2015-ICFO-74241. The ICE FOIA office further stated that although it is ICE's goal to respond to FOIA requests within twenty business days, it was

taking a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B) because the request "seeks numerous documents that will necessitate a thorough and wide-ranging search."

10.     In its letter of March 18, 2015, the ICE FOIA office stated that it was denying Professor Tushnet's request for a waiver of all applicable fees, and it provided Professor Tushnet with notice of her right to an administrative appeal. By letter of April 28, 2015, Professor Tushnet, through counsel, appealed the denial of her request for a blanket waiver of all FOIA processing fees. By letter of May 7, 2015, the Government Information Law Division of ICE's Office of the Principal Legal Advisor acknowledged receipt of Professor Tushnet's administrative appeal and assigned it reference number 2015-ICAP-00353. By letter of June 4, 2015, ICE announced that, after considering the information provided in Professor Tushnet's appeal, ICE had determined that her fee waiver request should be granted.

11.     On March 19, 2015, the ICE FOIA office sent an email to Professor Tushnet's counsel stating that it had determined that the request "is too broad in scope, did not specifically identify the records which you are seeking, or only posed questions to the agency." The ICE FOIA office requested that Professor Tushnet resubmit her request with a "reasonable description" of the records sought, and stated that if Professor Tushnet did not respond within ten days, ICE would assume that Professor Tushnet was no longer interested in her FOIA request, and the case would be administratively closed. Professor Tushnet, through counsel, responded by letter of March 27, 2015, advising ICE that (1) she remained interested in her FOIA request; (2) the case should not be administratively closed; (3) the request did not ask ICE to create new records; (4) the request did not pose any questions to the agency; and (5) she sought only the release of

existing records that ICE has in its files. With regard to the specificity of her requests, Professor Tushnet explained that her original request reasonably described the records sought and that an ICE employee familiar with the subject area should be able to locate the responsive records with a reasonable amount of effort. Finally, Professor Tushnet provided a detailed explanation of each part of her FOIA request.

12. The Department of Homeland Security maintains a website that allows the public to check the status of an ICE FOIA request. According to that website, www.dhs.gov/foia-status, Request Number 2015-ICFO-74241 has an estimated delivery date of April 29, 2015.

13. On June 10, 2015, Professor Tushnet's counsel telephoned the ICE FOIA office to ascertain the status of Professor Tushnet's request. Professor Tushnet's counsel left a detailed voice message requesting a return phone call. As of the filing of this Complaint, the ICE FOIA office has not returned the call.

14. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), ICE had twenty working days to respond substantively to Professor Tushnet's FOIA request. Even assuming that ICE was entitled to invoke a ten-day extension under 5 U.S.C. § 552(a)(6)(B), more than thirty working days have passed since ICE received Professor Tushnet's FOIA request of March 6, 2015, and ICE has not provided a substantive response.

15. Because Professor Tushnet has not received a substantive response to her FOIA request within the applicable time limit, pursuant to 5 U.S.C. § 552(a)(6)(C)(i), Professor Tushnet has exhausted her administrative remedies.

**CLAIM FOR RELIEF**

16. Professor Tushnet has a statutory right under FOIA, 5 U.S.C. § 552(a)(3)(A), to the records she requested and no legal basis exists for ICE's failure to disclose them. ICE has constructively denied Professor Tushnet's FOIA request by failing to produce any records or provide a substantive response for over three months.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that this Court:

A. Declare that ICE's failure to provide the records responsive to Professor Tushnet's FOIA request is unlawful;

B. Order ICE to make the requested records available to Professor Tushnet without delay;

C. Award Professor Tushnet her litigation costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

D. Award all other appropriate relief.

Respectfully submitted,

    /s/ Michael T. Kirkpatrick
Michael T. Kirkpatrick (DC Bar No. 486293)
Meghan M. Boone (DC Bar No. 1006894)
Institute for Public Representation
Georgetown University Law Center
600 New Jersey Avenue NW, Suite 312
Washington, DC 20001
Phone: (202) 662-9546
Fax: (202) 662-9634
Email: michael.kirkpatrick@law.georgetown.edu
          mmb302@law.georgetown.edu

Dated: June 12, 2015        *Attorneys for Plaintiff*